**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CISSY STEELE, et al.,<br><br>　　　　　　　Defendants. | Case No. 20-cv-1818-MMA (MSB)<br><br>**MOTION GRANTING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY**<br><br>[Doc. No. 4] |

　　　Jane Doe ("Plaintiff") brings this action against multiple Defendants alleging that she was targeted and groomed for "for the sole purpose of sex trafficking her, in violation of the [Trafficking Victims Protection Reauthorization Act]." Doc. No. 12 ("FAC") ¶ 1. Plaintiff now moves for a protective order and leave to proceed anonymously. *See* Doc. No. 4. A group of Defendants—Diabolic Video Productions, Inc.; Black Ice LTD; Zero Tolerance Entertainment, Inc.; and Third Degree Films (collectively, "Video Defendants")—have filed an opposition to Plaintiff's motion. *See* Doc. No. 16. Plaintiff has not filed a reply. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil

Local Rule 7.1.d.1.  *See* Doc. No. 18.  For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's motion.

## I. BACKGROUND

Plaintiff's action arises from sex trafficking allegations against one individual and several pornographic film studios and websites.  *See* FAC ¶¶ 20–31.

Representing herself as a talent agent and promising to make Plaintiff a model, Cissy Steele ("Steele") allegedly targeted and groomed Plaintiff for sex trafficking.  *See id.* ¶¶ 1, 2.  Plaintiff claims Steele "coerced and lured [Plaintiff] to move into her home" where Steele then used "psychological manipulation and coercion, intimidation tactics, threats, and physical violence to control, dominate and exploit [Plaintiff]."  *Id.* ¶¶ 3, 4.  Plaintiff further avers that Steele forced Plaintiff to engage in "commercial sex acts" and then forced Plaintiff to give the profits to her.  *Id.* ¶ 5.  Additionally, Plaintiff alleges that Steele forced her to perform in pornographic videos for adult film companies against her will.  *See id.* ¶ 6.  The film companies paid Steele directly and failed to pay Plaintiff for her involuntary work.  *Id.*  Additionally, Plaintiff alleges that the pornographic film studios and websites participated in Steele's sex trafficking venture because they knew, or should have known, Steele was trafficking Plaintiff and "knowingly benefited from her illegal venture by selling videos and posting videos through online websites that featured Jane Doe for profit."  *Id.* ¶¶ 7–8.

Based on these allegations, Plaintiff has brought seven causes of action: (1) violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1591(a); (2) participation in a venture in violation of the TVPA, 18 U.S.C. § 1591(a); (3) financially benefiting from sex trafficking in violation of the TVPA, 18 U.S.C. § 1595; (4) conspiracy to commit violation of the TVPA, 18 U.S.C. § 1594; (5) violation of record keeping requirements, 18 U.S.C. § 2257; (6) preliminary and permanent injunction; and (7) violations of California Labor Code §§ 201, 226.8, 1194.  *Id.* ¶¶ 136–188.  Plaintiff claims she uses "a pseudonym to protect her identity because of the sensitive and highly personal nature of this matter" and because of the "serious risk of retaliatory harm

because Steele has continued to contact [Plaintiff] and her family, threatening physical violence against her." *Id.* ¶¶ 15, 16. Plaintiff now moves for a protective order and leave to proceed anonymously. *See* Doc. No. 4.

## II. LEGAL STANDARD

A plaintiff's use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted) (quoting Fed. R. Civ. P. 10(a)). "This presumption is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted).

The Ninth Circuit permits parties "to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Advanced Textile Corp.*, 214 F.3d at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. When a pseudonym is used to protect the anonymous party from retaliation, courts determine whether anonymity is necessary through analyzing three factors: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (citations omitted). In determining prejudice, courts must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* Finally, courts must determine "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

When the party seeking anonymity meets this burden, the court "should use its powers to manage pretrial proceedings and to issue protective orders limiting disclosure of the party's name to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Id.* at 1069 (citations omitted).

### III. DISCUSSION

**A. Motion for Leave to Proceed Anonymously**

Plaintiff seeks the Court's leave to bring her action anonymously as well as "a protective order, pursuant to Federal Rules of Civil Procedure 26(c), to ensure that Defendants keep Plaintiff's identity confidential throughout the pendency of the lawsuit and thereafter." Doc. No. 4-1 at 2.[1] She also wants "redaction of her personally identifying information from the public docket and assurances that Defendants will not use or publish, Plaintiff's identity pursuant to the protective order." *Id.* at 10. In the final sentence of her motion, Plaintiff further requests the Court "order that any release or deliberate disclosure of Plaintiff's identity by Defendants, to anyone outside of their legal representatives, be sanctionable and accountable to the fullest extent of the law." *Id.*

To assess whether Plaintiff should proceed anonymously, the Court must balance Plaintiff's need against prejudice to Defendants' and the public's interest. The Court addresses each interest in turn.

**1. Plaintiff's Need for Anonymity**

First, the Court considers Plaintiff's need for anonymity. Plaintiff argues that disclosing her identity would reveal highly sensitive and personal information. Doc. No. 4-1 at 5. In particular, Plaintiff points to her allegations that she was forced and coerced into sex trafficking, having sex for profit under the threat of violence to her and her family, and engaging in a relationship with adult film companies. *Id.* at 6 (citing Doc.

---

[1] All citations refer to the pagination assigned by the CM/ECF system.

No. 1 ¶¶ 46–52). Plaintiff further asserts that disclosure would worsen the psychological harm she already suffers. *See id.* She contends that disclosure would bring Plaintiff into the public spotlight, which would cause "severe embarrassment" and would make her more vulnerable to the trauma she escaped. *See id.* 7, 8.

Plaintiff's allegations demonstrate her need to proceed anonymously. Plaintiff is a survivor of human trafficking. *See* FAC ¶¶ 1–5. She was subjected to "psychological manipulation and coercion, intimidation tactics, threats, and physical violence." *Id.* ¶¶ 4; *see also id.* 41, 43, 57. When Plaintiff did not adhere to Steele's orders, Steele threatened Plaintiff and her family and physically abused Plaintiff. *See id.* ¶¶ 43, 51, 57, 62. These threats included threatening to kill Plaintiff and her dog if she did not cooperate. *See id.* ¶¶ 43, 62. Steele forced Plaintiff prostitute herself and pass the profit to Steele. *See id.* ¶¶ 5, 47–53. Steele further forced Plaintiff to perform in pornographic videos. *See id.* ¶¶ 6, 56–57. Steele forced Plaintiff to take "illicit drugs" to make her dependent on Steele. *Id.* ¶ 63. Steele's threats continued after Plaintiff escaped her control:

> 69. After Jane Doe escaped Steele's control, Steele began calling Jane Doe's mother and neighbor, threatening them and Jane Doe if she did not return. Steele made threatening calls to Jane Doe's neighbor and mother almost every week after Jane Doe left her control.
>
> 70. Steele threatened to find Jane Doe and hunt her down if she did not return and/or if she did not remain silent about Steele's sex trafficking scheme.

*Id.* ¶¶ 69–70.

Based on these allegations, the Court finds that Plaintiff has a high need for anonymity. *See B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-cv-00656-BLF, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020) (finding the plaintiff's need for anonymity weighs in favor of granting the request when she was sex trafficked as a minor and the case involved sensitive and highly personal information); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (finding the plaintiff had

a high need for anonymity where she alleged she was the victim of human trafficking, forced labor, and sexual battery). Plaintiff's proffered rationale for her motion rests on the highly sensitive and personal nature of her allegations. Therefore, the Court finds that Plaintiff has alleged sufficient facts to show that she has a high need for anonymity.

**2. Prejudice to Defendants**

Second, the Court considers prejudice to Defendants that would occur if Plaintiff proceeds anonymously. Plaintiff argues that her requested relief will not prejudice Defendants because her name will be provided to Defendants "subject to a protective order that prohibits disclosure to any third parties." Doc. No. 4-1 at 9. Plaintiff contends that there is no other mechanism to protect her identity. *Id.* at 10. Video Defendants respond that "[c]omplete anonymity will hinder the investigation and discovery efforts." Doc. No. 16 at 7; *see also id.* at 8. Video Defendants further contend that anonymity would "cast[] a shadow of speculation and suspicion on its business and its employees." *Id.* at 7. They take particular issue with Plaintiff's request for sanctions for "any release or deliberate disclosure of Plaintiff's identity by Defendants, to anyone outside of their legal representatives." *Id.* at 8 (quoting Doc. No. 4-1 at 10). They contend that this relief is overbroad and would hinder discovery as well as is punitive because Plaintiff does not allege Video Defendants threatened, coerced, or retaliated against her. *See id.* Video Defendants point out that they have used Plaintiff's image and stage name over the last ten years and waiting to unmask her legal name will not cure prejudice. *See id.* In further arguing that Plaintiff's requested relief is prejudicial, Video Defendants note that adhering to Plaintiff's wishes would prevent them from contacting potential witnesses. *See id.* at 9–10.

Here, the Court must "determine *the precise prejudice at each stage* of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile Corp.*, 214 F.3d at 1068 (emphasis added). Video Defendants' objections focus on prejudice during the discovery and later phases of the litigation. *See* Doc. No. 16 at 8, 9. The action is currently at the pleadings stage:

1   Plaintiff has filed her FAC, and Defendants have not yet answered.  Video Defendants
2   have not shown how Plaintiff's use of a pseudonym at this stage of the litigation is
3   prejudicial or, even if they did, how such prejudice outweighs the heavy need for Plaintiff
4   to proceed anonymously.  As to Video Defendants' argument regarding "a shadow of
5   speculation and suspicion on its business and its employees," Doc. No. 16 at 7, the Court
6   finds this argument unavailing because they will still face public exposure regardless of
7   whether Plaintiff proceeds anonymously and Plaintiff's allegations would otherwise
8   remain unchanged.  *See Penzato*, 2011 WL 1833007, at *4.

9   Moreover, Plaintiff does not necessarily foreclose total disclosure of her full name:
10  she expresses willingness to provide her name to Defendants subject to a protective order.
11  *See* Doc. No. 4-1 at 9.  The Court finds that a protective order and case management
12  discussions would mitigate Defendants' concerns over discovery and investigation given
13  that "it is foreseeable that anonymity would raise problems for discovery" and
14  "anonymity need not, and should not, impede either party's ability to develop its case."
15  *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015).

16  Therefore, the Court finds that the prejudice against Defendants is low given that
17  the action is in the pre-discovery stage and the Court can manage the pretrial proceedings
18  to mitigate problems that anonymity may raise.  *See SFBSC Mgmt., LLC*, 77 F. Supp. 3d
19  at 996 (quoting *Advanced Textile Corp.*, 214 F.3d at 1069, 1072).

20  **3. Public Interest in Knowing Plaintiff's Identity**

21  Third, the Court considers whether the public interest would best be served by
22  Plaintiff revealing her identity.  Plaintiff asserts that the public would not be harmed
23  because there is a superior interest in allowing victims to bring their claims "without the
24  defendants deterring them from pursuing their claims by forcing the Plaintiff's public
25  identification."  Doc. No. 4-1 at 8.  She argues a central deterrent to reporting sex crimes
26  is victims' fear of having their identity exposed and that the public interest is better
27  served when the victims feel comfortable to come forward.  *Id.*  In essence, she contends
28

"[c]ompelling the identification of Plaintiff will deter other sex trafficking litigation." *Id.* at 9.

The Court finds that proceeding anonymously "serves strong public interest because other victims will not be deterred from reporting such crimes." *Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *10; *see also Heineke v. Santa Clara Univ.*, No. 17-cv-05285-LHK, 2017 WL 6026248, at *22 (N.D. Cal. Dec. 5, 2017); *Penzato*, 2011 WL 1833007, at *5. Additionally, the public interest is not threatened by withholding a plaintiff's identity where "there is nothing about the Plaintiff's identity which makes it 'critical to the working of justice' and the basic facts of the case will be on public record." *Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *10 (quoting *SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 996). Therefore, the Court finds that the public interest would be best served if Plaintiff is permitted to proceed anonymously.

**4. Conclusion**

After weighing Plaintiff's high interest in needing anonymity, the relatively low prejudice to Defendants at the pre-discovery stage of litigation, and the strong public interest in allowing Plaintiff to proceed anonymously, the Court finds that Plaintiff has met her burden to proceed under the "Jane Doe" pseudonym. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed anonymously under the pseudonym "Jane Doe" in her public filings.

**B. Motion for a Protective Order**

In addition to seeking to proceed anonymously, and as noted above, Plaintiff further seeks a "a protective order, pursuant to Federal Rules of Civil Procedure 26(c), to ensure that Defendants keep Plaintiff's identity confidential throughout the pendency of the lawsuit and thereafter." Doc. No. 4-1 at 2. Relatedly, Plaintiff further requests the Court "order that any release or deliberate disclosure of Plaintiff's identity by Defendants, to anyone outside of their legal representatives, be sanctionable and accountable to the fullest extent of the law." *Id.* at 10. Video Defendants oppose any

court order that limits their ability to engage in discovery and conduct an investigation into the allegations. *See* Doc. No. 16 at 10.

> In cases where plaintiff has demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings under Rule 16(b) and to issue protective orders limiting disclosure of the party's name under Rule 26(c) "to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case."

*Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *9 (first citing *Advanced Textile Corp.*, 214 F.3d at 1069; and then citing Fed. R. Civ. P. 16(b)) (quoting Fed. R. Civ. P. 26(c)). Because protective orders often pertain to discovery and Plaintiff seeks one pursuant to Federal Rule of Civil Procedure 26(c), the Court finds that her request for a protective order should be addressed to the Magistrate Judge when the pleadings have closed. *See* CivLR 72.1.b; Berg Civ. Chambers R. IV.C, VI, VII; *see also Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *10 ("[A]ny discovery issues (if presented at all) are matters for another day."). Accordingly, the Court declines to rule on Plaintiff's request for a protective order and refers the matter to the assigned Magistrate Judge for consideration in due course.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's motion. The Court **GRANTS** leave for Plaintiff to proceed anonymously under the pseudonym "Jane Doe" in her public filings. The Court **ORDERS** all publicly filed materials in this action refer to Plaintiff as "Jane Doe." The Court declines to rule on Plaintiff's request for a protective order and refers the matter to the assigned Magistrate Judge for consideration in due course.

**IT IS SO ORDERED**.

Dated: November 13, 2020

HON. MICHAEL M. ANELLO
United States District Judge