Douglas M. Wade, SBN 183107
**LAW OFFICES OF DOUGLAS M. WADE, PLC**
500 N. State College Blvd., Suite 1100
Orange, California 92868
Telephone: (714) 453-9144
Fax: (949) 209-1993
Email: doug@dmwadelaw.com

**Attorney for:** Defendant Cissy Steele

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>CISSY STEELE AKA CISSY GERALD; DIABOLIC VIDEO PRODUCTIONS, INC; BLACK ICE LTD; ZERO TOLERANCE ENTERTAINMENT, INC.; THIRD DEGREE FILMS; AND ELEGANT ANGEL, INC.<br><br>    Defendant. | Case No. 20CV1818-MMA-MSB<br><br>MEMORANDUM IN SUPPORT OF MOTION OF DOUGLAS M. WADE AND THE LAW OFFICES OF DOUGLAS M. WADE TO WITHDRAW AS COUNSEL FOR DEFENDANT CISSY STEELE<br><br>Date: June 7, 2021<br>Time: 2:30 p.m.<br>Dept.: 3D<br>Judge: Hon. Michael M. Anello<br><br>Complaint Filed: September 15, 2020<br>Trial Date: NDS |

Douglas M. Wade and the Law Offices of Douglas M. Wade (hereafter "Movants") move the Court for an order granting leave to withdraw as counsel of record for Defendant Cissy Steele on the grounds that the issues involved require retention of criminal defense counsel and non-payment of attorney's fees. Movants respectfully submit the following summary of facts and argument in support of their motion to withdraw.

//

## I. FACTS IN SUPPORT OF MOTION

The instant action for damages and injunctive relief is brought under 18 U.S.C. §§ 1591 – 1595 against multiple defendants. Defendant Cissy Steele was served with the summons and original complaint on or about October 1, 2020.

1. Movants have represented Defendant Cissy Steele since the filing of her Answer to the Complaint on December 21, 2020.

2. Plaintiff's counsel has advised that Defendant Steele is an unindicted co-conspirator in a criminal action pending in the State of New York entitled <u>Jane Doe Nos. 1-57 v. Peter Nygard, et al.</u>, 210-CV-201285 (SDNY-ER). She also has been informed that there are other civil actions in other jurisdictions involving the same or similar issues based upon Mr. Nygard's conduct which have been stayed pending resolution of the criminal matters.

3. Defendant and Movant Douglas M. Wade have discussed the need for Ms. Steele to retain counsel with criminal law experience to advise her both in this matter and the pending criminal action. She has been informed that Movants lack the necessary background and experience to provide effective representation of counsel given her current exposure in these matters.

4. The agreement for the retention of counsel's services provided that Ms. Steele maintain a current account of the fees and costs incurred and due. The provision is a material part of the contract. As of January 1, 2021, Defendant's account has been in arrears. Despite promising to bring the account current, payment has not been made and the account is more than three (3) months in arrears. The failure to pay fees and costs due is a breach of the agreement. Multiple requests to bring the account current have been communicated to Ms. Steele but payment has not been made.

5. No discovery has taken place and no trial date has been set. Movants' withdrawal will not cause any prejudice or delay in this case. There is ample time for Defendant to obtain new counsel and there is no prejudice to co-Defendants or to

Plaintiff. Plaintiff and co-Defendants will not require any additional time to review the case or to prepare for it.

6. Counsel is informed that Ms. Steele has contacted possible substitute counsel.

7. Counsel's declaration states the current address of the client.

## II. ARGUMENT

An attorney may not withdraw as counsel leaving the client *in propria persona* except by leave of court. See: *Darby v. City of Torrance,* 810 F. Supp. 275, 276 (C.D.Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Washington v. Sherwin Real Estate, Inc,* 694 F.2d 1081, 1087 (7th Cir. 1982).

In California, motions to withdraw are governed by the California Rules of Professional Conduct adopted by the State Bar of California. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). This Court has applied the California Rules of Professional Conduct to motions to withdraw as counsel. See: *Beard v. Shuttermart of Cal., Inc.* No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (SDS Cal.,2008); *Leatt Corp. v, Innovative Safety Tech., LLC*, No.09-CV-1301- IEG (POR), 2010 WL 4444708, at *1 (S.D. Cal. 2010).

Current Rule 1.16 [Former 3-700] provides for permissive withdrawal as counsel upon a showing of one or more of the following factors:

> "(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;
> (6) the client knowingly and freely assents to termination of the representation;
> (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal. Optional if we have grounds."

Counsel shall not withdraw from employment until reasonable steps have been taken to avoid reasonably foreseeable prejudice to the rights of the client, including

giving due notice to the client, allowing time for employment of other counsel, and complying with applicable laws and rules.

"[T]he court has discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding." *Mandell v. Superior Court,* (1977) 67 Cal. App. 3d 1, 4; see also *Estate of Falco* (1987) 188 Cal. App. 3d 1004, 1014.

Courts have considered the following factors when evaluating a motion to withdraw:

> "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *CE Res., Inc. v. Magellan Grp., LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 21, 2015); see also *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); and *Beard v. Shuttermart of Cal., Inc.*, supra, at *2 (S.D. Cal. Feb. 13, 2008).

<u>Here</u>, the client has been given reasonable notice of Movants concerns and been advised of possible substitute counsel with ample time to retain new counsel. There has been no discovery and there is no trial date set, eliminating prejudice to other litigants, avoiding harm to the administration of justice, and causing no delay of the resolution of the case.

Given Ms. Steele's status as an unindicted co-Defendant in the criminal matter pending in New York, she requires counsel with adequate experience in criminal matters to advise her. Movants are not qualified to do so.

Good cause exists where a client indicates it will not pay costs of the defense and attorneys' fees. *Canandaigua Wine Co. v. Edwin Moldauer* No. 1:02-cv-06599 OWW DLB, 2009 WL 89141 at *2, (E.D. Cal. 2009).

**III. CONCLUSION**

For all of the reasons stated above, Movants Douglas M. Wade and the Law Offices of Douglas M. Wade respectfully request that this Court grant them leave to withdraw as counsel in the above-captioned matter, and enter an Order stating that

Movants have so withdrawn.

Dated: April 30, 2021              LAW OFFICES OF DOUGLAS M. WADE


                                   s/Douglas Wade
                                   Douglas M. Wade
                                   Counsel for Defendant, Cissy Steele

5
MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CISSY STEELE