**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>                      Plaintiff,<br><br>v.<br><br>CISSY STEELE, et al.,<br><br>                    Defendants. | Case No. 20-cv-1818-MMA (MSB)<br><br>**ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW**<br><br>[Doc. No. 48] |

      Counsel for Defendant Cissy Steele ("Steele"), Douglas M. Wade ("Counsel"), moves to withdraw as counsel of record. *See* Doc. No. 48. As set forth in his motion and declaration, Counsel argues that Steele would better benefit from an attorney with a criminal defense background and Steele's account with Counsel has been in arrears. *See* Doc. No. 48 at 1, 2, 4; Wade Decl., Doc. No. 48-2 ¶¶ 9, 11.[1] Counsel declares that he served the motion on Steele and opposing counsel. *See* Wade Decl., Doc. No. 52 ¶¶ 3–6; Wade Decl., Doc. No. 53 ¶ 3; *see also* CivLR 83.3.f.3. Given that no opposition brief

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1

20-cv-1818-MMA (MSB)

was filed, *see* CivLR 7.1.e.2; *see also* CivLR 7.1.e.7, the Court finds that the motion is unopposed.

"An attorney may not withdraw as counsel except by leave of court," *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992), and "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (quoting *Irwin v. Mascott*, No. C 97-4737 JL, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D. Cal. Dec. 1, 2004)); *see also* Cal. R. Prof. Conduct Rule 1.16(c); CivLR 83.3.f.3.  Courts consider the following when ruling on a motion to withdraw as counsel: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard*, 2008 WL 410694, at *2 (quoting *Irwin*, 2004 U.S. Dist. LEXIS 28264, at *4); *see also Murphy v. Teamsters Union Local 542*, No. 12-cv-340-MMA (BGS), 2013 WL 12121235, at *1 (S.D. Cal. Jan. 4, 2013).

As to the first factor, Counsel argues that he seeks withdrawal because Steele would benefit from an attorney with criminal law experience.  *See* Doc. No. 48 at 2, 4; Wade Decl., Doc. No. 48-2 ¶ 9.  Additionally, Counsel notes that Steel's account has been in arrears since January 1, 2021, despite several payment requests, which constitutes a breach of the agreement between Counsel and Steele.  *See* Doc. No. 48 at 2, 4; Wade Decl., Doc. No. 48-2 ¶ 11.  Under the California Rules of Professional Conduct, an attorney may withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively" or "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation."  Cal. R. Prof. Conduct 1.16(b)(4)–(5); *see also Canandaigua Wine Co. v. Edwin Moldauer*, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009) ("Courts

have also held that the failure to pay attorney's fees may be grounds for withdrawal."). The Court finds that Counsel has good reasons to seek withdrawal based on his and his firm's lack of criminal law experience as well as Steele's failure to pay fees and costs.

As to the second factor, Counsel argues that there will be no prejudice to the parties because discovery has not taken place, there is no trial date, Steele has contacted a potential new attorney, and the other parties in this action do not oppose Counsel's motion.  *See* Doc. No. 48 at 2, 4; Wade Decl., Doc. No. 48-2 ¶ 10.  Given the current stage of this action and the Magistrate Judge's recent order granting a joint motion for a continuance, *see* Doc. No. 50, the Court finds that prejudice is minimal.

As to the third and fourth factors, Counsel argues that withdrawal would cause no harm to the administration of justice and cause no delay to the action's resolution.  *See* Doc. No. 48 at 4.  The Court finds the third and fourth factors weigh in favor of Counsel's motion.

After reviewing the record and the reasons for withdrawal noted by Counsel, and good cause appearing, the Court **GRANTS** Counsel's motion to withdraw.  The Court **VACATES** the June 7, 2021 hearing date.  The Court **ORDERS** Counsel to provide a copy of this Order to Defendant Steele.  The Court **INSTRUCTS** Steele that failure to retain new counsel will result in this action continuing with her proceeding pro se.  *See* CivLR 83.11.  Accordingly, Steele must notify the Court if she intends to proceed pro se on or before **June 7, 2021**; alternatively, if Steel chooses to retain new counsel, the new counsel must file a notice of appearance on or before **June 7, 2021**.

**IT IS SO ORDERED**.

Dated: May 27, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge