]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>CISSY STEELE, et al.,<br><br>Defendants. | Case No.: 20cv1818-MMA (MSB)<br><br>**ORDER DENYING PLAINTIFF JANE DOE'S EX PARTE MOTION TO EXCUSE PERSONAL APPEARANCE AT EARLY NEUTRAL EVALUATION ("ENE") AND CASE MANAGEMENT CONFERENCE ("CMC") [ECF NO. 58]** |

On the afternoon of July 7, 2021, Plaintiff Jane Doe filed an ex parte motion to excuse her personal appearance at the Zoom Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") schedule for 9:30 a.m. the following day, July 8, 2021. (ECF No. 58.) In support, Plaintiff claims that she is scheduled to work as a nurse, assisting in three surgeries on that date, but that she has discussed potential ranges for settlement with her attorneys and can be available by telephone to respond to her attorney during the ENE. (Id. at 4.) Plaintiff's counsel asserts that she is confident Plaintiff's "attendance via phone will not inhibit or deter any settlement progress or result." (Id.)

Plaintiff has failed to demonstrate good cause for her request to be excused from attending the ENE. The Court notes that it continued the ENE/CMC from May 7, 2021,

1

to July 8, 2021, pursuant to the parties' joint motion over two months ago, so that Defendant Cissy Steele could find counsel able to navigate the possibility of criminal investigation and charges that may overlap factually with this case. (See ECF No. 50.) That order indicated that "all parties" were expected to participate at the ENE and stated that "[a]ll orders from the Court's order setting the initial ENE/CMC remain in place." (See id. at 2.) The "Notice and Order for Early Neutral Evaluation Conference and Case Management Conference" [ECF No. 43] stated "[a]ll named parties . . . must participate in the video conference, and be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference." (Id. at 1-2.) The order further stated that "[a]ll participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person." (Id. at 4.) Despite the ample notice and clear order for Plaintiff to attend for the duration of the ENE, Plaintiff's ex parte motion fails to explain why Plaintiff did not arrange to be scheduled off from work for the ENE to permit her required attendance. Nor does the motion explain the delay in requesting to be excused from attending.

Furthermore, Plaintiff has failed to comply with the requirements applicable to ex parte motions. The Civil Local Rules regarding ex parte motions and orders provide:

> A motion for an order must not be made ex parte unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

CivLR 83.3(g)(2). Plaintiff's counsel's declaration in support of the instant motion does none of these things to satisfy or excuse the notice requirement. (See ECF No. 58 at 4.)

2

Nor does the declaration refer to any efforts to meet and confer with opposing counsel as required by Judge Berg's Civil Chambers Rule VII. ("All ex parte motions must comply with Civ. LR 83.3(g). Further, declaration(s) in support of the ex parte motion must describe meet and confer efforts made to resolve the dispute without the Court's intervention.")

For the foregoing reasons, the Court **DENIES** Plaintiff's ex parte motion to be excused from personally appearing at the video ENE.

**IT IS SO ORDERED**.

Dated: July 7, 2021

Honorable Michael S. Berg
United States Magistrate Judge