# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CISSY STEELE, et al.,<br><br>　　　　　　　Defendants. | Case No. 20-cv-1818-MMA (MSB)<br><br>**ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW**<br><br>[Doc. No. 96] |

On February 3, 2022, attorney Michael S. Devereux ("Counsel") filed a motion to withdraw as counsel of record for Defendant Cissy Steele ("Defendant Steele"). *See* Doc. No. 96. The motion in unopposed to date. *See* Docket.

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *see also* CivLR 83.3.f.3. The decision to grant or deny a motion for withdrawal is within the Court's sound discretion, and "[i]n ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11cv2540-IEG (WVG), 2013 U.S. Dist. LEXIS 8053, at *5 (S.D. Cal. Jan. 14, 2013) (citation omitted).

Upon due consideration of Counsel's motion and declaration, the Court finds good cause for Counsel's withdrawal. In his declaration, Counsel states that Defendant Steele has failed to timely pay attorney's fees since July 2021. *See* Doc. No. 96 at 2.[1] Counsel urges, and the Court agrees, that "withdrawal would cause no harm to the administration of justice" and that "withdrawal may have a beneficial effect and might lead to an efficient resolution." *Id.* at 4. Counsel properly notified all parties of his intent to withdraw as counsel. *See id.* at 6–7; CivLR 83.3.f.3.b. Moreover, it appears neither party will suffer prejudice as a result of Counsel's withdrawal from this matter. Accordingly, the Court **GRANTS** the motion and **DIRECTS** the Clerk of Court to terminate Michael S. Devereux as attorney of record for Defendant Steele.

The Court **ORDERS** Counsel to serve a copy of this Order on Defendant Steele. The Court cautions Defendant Steele that failure to retain new counsel will result in this action continuing with her proceeding *pro se*. *See* CivLR 83.11. Accordingly, Defendant Steele must notify the Court if she intends to proceed *pro se* on or before **March 21, 2022**. Alternatively, if Defendant Steele chooses to retain new counsel, the new counsel must file a notice of appearance on or before **March 21, 2022**.

**IT IS SO ORDERED**.

Dated:  February 14, 2022

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.