UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CISSY STEELE. et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20cv1818-MMA (MSB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION AMENDING SCHEDULING ORDER**<br><br>**[ECF NO. 112]** |

　　　　On May 20, 2022, the parties filed a "Joint Motion Requesting Amended Scheduling Order." (ECF No. 112.) In support, the parties explain that at a telephonic Case Management Conference on April 21, 2022, they expressed a shared interest in holding a settlement conference and continuing the fact discovery deadline. (Id. at 2.) Thereafter, based on the parties' agreement and joint request, the Court set a settlement conference on June 10, 2022, and continued the fact discovery cutoff to August 5, 2022. (ECF No. 111.) The parties now "request . . . to continue specific dates set forth in the First Amended Scheduling Order" concerning expert discovery and the dispositive motion deadline. (ECF No. 112 at 2.)

　　　　A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the

diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases).  "If that party was not diligent, the inquiry should end."  <u>Id.</u>

On April 21, 2022, when the parties first expressed interest in a settlement conference and stay of discovery, the fact discovery cut-off was April 29, 2022, the expert designation and disclosure deadline was May 20, 2022, and the expert discovery cut-off was July 1, 2022.  (<u>See</u> ECF No. 99 at 3; ECF No. 81 at 3.)  Though the Court was willing to permit the parties to continue the fact discovery deadline at their choosing, the Court does not find that the parties have demonstrated the diligence necessary to continue all remaining dates in the scheduling order at this time.  Based on the information before the Court, there is good cause to continue the scheduling dates in such a manner that will place the parties in a similar position after the settlement conference on June 10 as that they were in on April 21.  For example, because the parties had twenty-nine days remaining before their deadline to designate experts and disclose their reports when they approached the Court about requesting an early settlement conference (the difference between April 21 and May 20, 2022), the Court finds good cause to continue the expert designation and disclosure deadline to July 11, 2022 (the first court day after July 9, which is twenty-nine days after June 10).

For the reasons described above, the joint motion is **GRANTED in part** and **DENIED in part** as follows:

1. All fact discovery must be completed by all parties by **<u>August 5, 2022</u>**.

2. The parties must designate their respective experts in writing by **<u>July 11, 2022</u>**.  The date for exchange of rebuttal experts must be by **<u>July 25, 2022</u>**.

3. By **<u>July 11, 2022</u>**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure.

4. Any party must supplement its disclosure regarding contradictory or rebuttal

2

20cv1818-MMA (MSB)

evidence under Fed. R. Civ. P. 26(a)(2)(D) by **July 25, 2022**.

5. All expert discovery must be completed by all parties by **August 25, 2022**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

6. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **September 23, 2022**.[1]

Unless specifically changed by this order, all previous orders remain in place.

**IT IS SO ORDERED.**

Dated: May 20, 2022

Honorable Michael S. Berg
United States Magistrate Judge

---

[1] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.