# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br>v.<br><br>CISSY STEELE, et al.,<br><br>                    Defendants. | Case No. 20-cv-1818-MMA-MSB<br><br>**ORDER SETTING HEARING ON RENEWED MOTION FOR DEFUALT JUDGMENT**<br><br>[Doc. No. 129] |

Pending before the Court is Plaintiff Jane Doe's ("Plaintiff") motion for default judgment against Defendant 24-7 Internet, Inc. ("Defendant"). *See* Doc. No. 129. This is Plaintiff's second attempt at obtaining default judgment against Defendant. *See* Doc. Nos. 121, 129.

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. *See* Fed. R. Civ. P. 55(b). The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).  Having reviewed Plaintiff's renewed motion, the Court is inclined to find that Plaintiff has satisfied the *Eitel* factors.  However, the Court has concerns regarding the propriety of entering default judgment against Defendant at this time.  Accordingly, the Court **SETS** this matter for hearing on **September 19, 2023 at 9:30 a.m. in Courtroom 3C**.  Plaintiff should come prepared to offer evidence and argument regarding proper service upon Defendant,[1] the Court's personal jurisdiction over Defendant, and whether default was properly entered against Defendant.[2]  Additionally, because the amount claimed is neither a liquidated sum nor capable of mathematical calculation, *see Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981), Plaintiff must "prove up" all sought monetary damages and come prepared to submit admissible evidence substantiating her claim to $600,000 in damages.  *See, e.g.*, *Blizzard Entm't, Inc. v. Reeves*, No. CV 09-7621 SVW (AJWx), 2010 U.S. Dist. LEXIS 85560, 2010 WL 4054095, at *1 (C.D. Cal. Aug. 10, 2010).

      **IT IS SO ORDERED**.

Dated:  September 8, 2023

                                    HON. MICHAEL M. ANELLO
                                    United States District Judge

---

[1] Plaintiff did not serve Defendant with the summons issued by the Clerk of Court as to the First Amended Complaint, *see* Doc. No. 15, but rather Plaintiff served Defendant with the summons that was initially issued as to the original complaint, *see* Doc. No. 2, which did not name Defendant as a party to this action.  Additionally, it appears Defendant's registered agent was not served.

[2] Plaintiff initially identified Defendant as "24-7 Internet, Inc." *See* Doc. No. 12.  However, it appears that this entity's correct name is "24-7 Internet, LLC." *See* Doc. No. 62.  Nonetheless, Plaintiff requested, and the Clerk of Court entered, default against "24-7 Internet, Inc." *See* Doc. Nos. 63, 64.